1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMIT MAHAJAN, | ) | CV F 06-1728 AWI SMS |
| | ) | |
| **Plaintiff,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER ON |
| v. | ) | PLAINTIFF'S MOTION FOR |
| | ) | RELIEF PURSUANT TO |
| SANGEETA KUMAR (aka SANGEETA | ) | F.R.C.P. 60(b) |
| KUMARI), RAJNESH KUMAR, VISMA | ) | |
| KUMAR, and iFREEDOM DIRECT | ) | |
| CORPORATION (formerly NEW | ) | [Document #38] |
| FREEDOM MORTGAGE COMPANY), | ) | |
| | ) | |
| **Defendant**s. | ) | |
| _____ | ) | |

18      In this action in diversity for damages by plaintiff Amit Mahajan ("Plaintiff") against

19   defendants Sangeeta Kumar (aka Sangeeta Kumari) (hereinafter "Sangeeta"), Rajnesh

20   Kumar, Visma Kumar and iFreedom Direct Corp. (formerly New Freedom Mortgage)

21   (hereinafter "iFreedom") (collectively "Defendants"), Plaintiff has moved for relief pursuant

22   to Rule 60(b) of the Federal Rules of Civil Procedure from the April 30, 2007 order of this

23   court dismissing defendant iFreedom. For the reasons that follow, the court will allow

24   Plaintiff to file an amended complaint.  Relief pursuant to Rule 60(b) will be otherwise

25   denied.

26                                    **PROCEDURAL HISTORY**

27      This case was removed from the Superior Court of Mercer County, New Jersey, to the

28   District Court for the District of New Jersey on May 19, 2006.  Defendant iFreedom moved

to dismiss on grounds of improper venue on June 12, 2006, and the individual defendants moved to dismiss for lack of personal jurisdiction on June 27, 2006. On November 22, 2006, the District Court of New Jersey ordered the case transferred to this district and denied as moot all pending motions to dismiss or quash based on improper venue or lack of personal jurisdiction.

Defendant iFreedom filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules[1] of Civil Procedure on January 5, 2007. Plaintiff filed no opposition or statement of non-opposition to iFreedom's motion. On April 30, 2007, the court issued an order (the "April 30 Order") dismissing the complaint as to iFreedom and granting a period of 30 days to amend the complaint. No amended complaint was filed within the 30-day period. The instant motion for relief pursuant to Rule 60 was filed by Plaintiff on November 5, 2007. Defendant iFreedom's opposition was filed on November 19, 2007. Plaintiff's reply was filed on November 26, 2007. The matter was taken under submission as of December 3, 2007.

## PLAINTIFF'S ALLEGED FACTS

The factual background giving rise to the instant action was set forth in the court's April 30 Order and need not be repeated here. Plaintiff's motion for relief pursuant to Rule 60 is based on facts pertaining to the continuity of representation provided by Plaintiff's attorneys following the transfer of the case from the District Court of New Jersey to this court.

Plaintiff is a New Jersey resident who engaged the services of a New York law firm, the Blanch Law Firm, P.C., to represent Plaintiff in the instant action. The associate handling the case on behalf of the Blanch Law Firm is Michael Kushner. The Blanch Law Firm determined the proper forum for filing the complaint was the District Court of New Jersey.

---

[1]     All citations to "Rules" hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

2

Because Kushner is not licensed to practice in New Jersey, the Blanch Law Firm engaged the services of Diane Acciavatti, a New Jersey attorney, to act as local counsel.  According to a certification filed by Acciavatti in support of her motion to withdraw as counsel for Plaintiff, there was never any direct communication between Plaintiff and Acciavatti.  Acciavatti states her service on behalf of the Blanch Law Firm consisted only of reviewing pleadings prepared by Kushner for conformity with local rules and ensuring that pleadings were properly filed and served.  According to Acciavatti's declaration, it was never her understanding that she would represent Plaintiff in any proceedings outside of New Jersey.

Kushner's declaration in support of the instant motion for relief pursuant to Rule 60(b) alleges a number of facts surrounding the relocation of his law firm to another office in the Empire State Building in New York.  Of the facts alleged, only two are relevant to the court's resolution of the instant motion for relief.  Kushner alleges that he moved to a different office on a different floor of the Empire State building in February of 2007, and that he notified Acciavatti of the relocation on February 20, 2007.  Defendants do not challenge the factuality of the foregoing allegations.

**LEGAL STANDARD**

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare

3

Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  Id.  See Catholic Soc. Servs. V. Ashcroft, (No. CIV S-86-1343 LKK), 2002 U.S. Dist. LEXIS 19194, *57, n. 18 (E.D. Cal. July 25, 2002) ("Generally speaking, before reconsideration may be granted, there must be a change in the controlling law, the need to correct a clear error, or the need to prevent manifest injustice.").

## DISCUSSION

Plaintiff requests the court grant relief from the court's April 30 Order dismissing iFreedom by vacating the decision and allowing Plaintiff to file an opposition to the motion to dismiss.  In the alternative Plaintiff requests relief from the 30-day time limit imposed by the April 30 Order for the filing of an amended complaint.  Thus, Plaintiff's request implicates two missed deadlines; the deadline for the filing of an opposition to the motion to dismiss and the deadline for the filing of an amended complaint.  Because the two deadlines are established by different triggering events, Plaintiff's motion for relief requires separate analyses of each specific relief requested.

In both cases, the basis for Plaintiff's motion for relief is that the missed deadline was the result of excusable neglect.  In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380 (1993), the Supreme Court held, in the context of a bankruptcy case, that the term "neglect" contained in the term "excusable neglect" incorporates inadvertence, mistake or carelessness.  Id. at 392.  The court may therefore not deny relief simply because the neglect is not due to factors beyond the control of the moving party but must engage in an equitable weighing of factors to determine if the neglect is excusable.  Id. at 395.  The factors

enumerated by the Supreme Court are "(1) danger of prejudice to the non-movant; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including [whether] it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." In re Rebel Rents, Inc., 326 B.R. 791, 799 (C.D. Cal. 2005) (enumerating factors from Pioneer, 507 U.S. at 395).  In Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th Cir 1997), the Ninth Circuit applied the Pioneer  four-part test for excusable neglect to the determination of excusable neglect in the context of a motion for relief pursuant to Rule 60(b).  Id. at 382.  "These four enumerated factors, while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect."  Id. at 381.

**I.  Relief From Deadline to File Opposition**

The motion to dismiss iFreedom was filed on January 5, 2007.  Pursuant to Local Rule 78-230, Plaintiff's obligation to file an opposition or statement of non-opposition to the motion to dismiss within 14 days was triggered by the filing of the motion.  According to the court's order vacating oral argument and taking the matter under submission, the last day for filing an opposition to iFreedom's motion was not later than February 20, 2007.  The motion for relief was filed approximately eight and one-half months after the missed deadline.  The motion to dismiss was granted by the April 30 order following consideration of the motion on its merits.

### A.  Prejudice to the Non-Moving Party

Defendant iFreedom's claim that it would be prejudiced by a grant of relief under Rule 60(b) bases its claim on the fact it would be required to re-litigate its defense.  Generally, a party is held to suffer little prejudice where it is denied the opportunity to an early conclusion of the case against it.  See Bateman v. United States Postal Service, 231 F.3d 1220, 1224-1225 (9th Cir. 2000) (prejudice arising from delay of final adjudication is insufficient to deny Rule 60(b) relief).  Other than having to file a reply to Plaintiff's

opposition, iFreedom would be in essentially the same position it would have been had Plaintiff timely filed its opposition, only eight months later.  The court concludes the delay in the final adjudication of Plaintiff's claim against iFreedom is not enough, without more, to require denial of Rule 60 relief.

With respect to prejudice, it is worth noting that Plaintiff suffers little prejudice if the court denies the request to vacate the April 30 Order and denies Plaintiff's request to be allowed to file an opposition to iFreedom's motion to dismiss.  The court dismissed iFreedom after considering the sufficiency of the pleading contained in the complaint and concluding the pleading was not sufficient to state a claim for relief.  Specifically, the court determined that, with respect to the first five claims for relief, that Plaintiff's allegations failed to state a claim against iFreedom because the complaint failed to allege a  "causal nexus" between iFreedom and the bad acts alleged against the individual defendants.  See Lisa M. v. Henry Mayo Newhall Mem'l Hosp., 12 Cal.4th 291, 297 (1995) (employee's intentional tort will be imputed to the employer if there is a "causal nexus" between the intentional tort and the employee's work).  The "causal nexus" requirement is met only if the intentional tort was "'engendered by the employment' or arose therefrom." Ins. Co. of N. America, 189 F.3d at 922 (quoting Lisa M., 12 Cal.4th at 297).

Plaintiff contends that his first five claims against iFreedom are meritorious because individual defendant Sangeeta Kumari's representations to Plaintiff were made in the *context* of her employment with iFreedom.  Whatever "context" might mean, the allegation of mere context, without more, is not sufficient to state a causal nexus.  The court has reviewed the complaint again and finds, as before, that it is devoid of any allegation that Sangeeta's alleged tortuous acts occurred in the course of her work for iFreedom or in her professional capacity as a broker for iFreedom.

Similarly, the court disagrees with Plaintiff's contention that the complaint, as originally pled, alleged facts sufficient to state a claim for negligent hiring and supervision.

As the court noted in the April 30 Order,

> The tort [of negligent supervision and training] has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship." Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339-1340 (2nd Dist. 1998).  The plaintiff must be injured as a result of his connection with the employment lest the employer become "the insurer of the safety of a person with whom its employees come into contact, regardless of their relationship to the employer." Id. at 1341.

Doc. # 17 at 6:20-26.

The court continues to be of the opinion that, notwithstanding Plaintiff's emphasis on the *context* of Sangeeta's actions or representations to Plaintiff, the complaint is devoid of any factual allegation that Sangeeta was acting in connection with her employment when she defrauded Plaintiff or obtained a credit report on him by false pretenses.  The court has taken the arguments put forward by Plaintiff with respect to the sufficiency of the original complaint against iFreedom into account and continues to be of the opinion that the complaint does not state a claim against iFreedom upon which relief could be granted.

In sum, the prejudice component of the four-part Pioneer analysis fails to show there is any significant prejudice to either party if the motion for relief pursuant to Rule 60(b) is or is not granted.

### B.  Length of Delay and its Potential Impact on Judicial Proceedings

As previously stated, the delay represented by the span of time between when the opposition to the motion to dismiss should have been filed and the time of the instant motion for relief is about eight and one-half months.  Although the length of delay is longer than is encountered in most of the cases that excuse miss deadlines, there is no specific allegation of impact on the proceedings apart from the delay itself.  The court concludes the length of delay weighs somewhat against Plaintiff's request to be permitted to file an opposition to the motion to dismiss, but is not sufficient without more to warrant denial of relief.

1

### C.  Reason for the Delay

2   Interestingly, although Kushner alleges a number of facts surrounding the failure the

3   Blanch Law Firm to file an opposition to the motion to dismiss, he does not tie any of these

4   facts to the actual failure to file an opposition.  Defendant's motion to dismiss  was filed

5   January 5, 2007, and the Blanch Law Firm did not move from their office suite until an

6   unspecified time in February.  Thus, the Blanch Law Firm, and Kushner in particular,

7   occupied their customary office space  for a least three weeks and possibly considerably

8   longer from the time the motion was filed.

9   The court has no basis to conclude that the event triggering Plaintiff's obligation to

10   oppose the motion to dismiss – the filing of the motion – was unknown to Kushner.  Kushner

11   does not contend that the Blanch Law Firm's relationship with Acciavatti was anything other

12   than what Acciavatti claimed it to be in her declaration.  That is; it was Acciavatti's job to

13   edit, file and serve the papers prepared by Kushner and the Blanch Law Firm, and

14   presumably to pass along filings that required pleadings in response to Kushner so that the

15   latter could prepare the pleadings.  With that relationship acknowledged, the only inference

16   the court can logically make is that the relationship between Acciavatti and Kushner was such

17   that it should be expected that Acciavatti would pass iFreedom's motion to dismiss along to

18   Kushner or to the designated recipient at the Blanch Law Firm when the motion was served

19   on Acciavatti.

20   Kushner offers no explanation why the Kushner or the Blanch Law Firm was not

21   informed of the motion to dismiss or, that Kushner or the Blanch Law Firm was, in fact,  not

22   informed.  A close reading of Kushner's declaration and of the motion for relief indicates that

23   Kushner alleges actual ignorance of only two filings at the time they were filed; Acciavatti's

24   motion to be relieved as counsel, and the Magistrate Judge's order to show cause.  Kushner

25   never specifically states that he was ignorant of iFreedom's motion to dismiss.

26   Even if the court were free to make inferences on Kushner's behalf, a proposition that

27

28   8

is not contended or supported, there are no facts the court can identify that would tend to bolster Kushner's claim that the failure to file an opposition was "excusable" neglect.  The court cannot assume, for instance, that Kushner was not informed of the motion to dismiss by Acciavatti, or that he reasonably or unreasonably expected Acciavatti to prepare an opposition, or that he was informed of the motion but simply forgot about it in anticipation of the move, or that he expected that Acciavatti would find an attorney in California to oppose the motion to dismiss.  Kushner's failure to tie any of the facts he has alleged to the failure to file an opposition to iFreedom's motion to dismiss weighs very strongly against a conclusion that the reason for the delay was "excusable."

### D. Bad Faith

There is no allegation or evidence of bad faith.

The court concludes that the balance of equities weighs against granting Plaintiff's request to file an opposition to iFreedom's motion to dismiss.  Although iFreedom would suffer relatively little prejudice, Plaintiff would realize relatively little benefit and there is little that would be gained by re-argument of a motion that was already decided on its merits.  Weighing this lack of prejudice against the long and unexplained delay between the due date for the opposition and the instant motion for relief, the court must conclude that the neglect of Plaintiff's counsel is not "excusable."

## II.  Relief from the Deadline to File an Amended Complaint

The court's April 30 Order granted thirty days from the date of service of the order to file any amended complaint.  The *serving* of the April 30 Order therefore is the event that triggers Plaintiff's obligation to file an amended complaint within 30 days.  A careful review of the court's docket in this case raises a doubt that the April 30 Order was ever actually served.  The court's docket indicates that the order of March 2, 2007, vacating the hearing date for arguments on iFreedom's motion to dismiss was served on Acciavatti by mail.  Similarly, the clerk's notice to Acciavatti that she had not submitted an application for pro

hac vice status was served by mail, as was the court's order of June 22, 2007, granting Acciavatti's motion to withdraw.  So far as the court can discern from its docket report, the court made the determination that the April 30 Order was to be served on Acciavatti by mail, but there is no indication that service was ever effectuated.

While the court finds much to criticize in the evident lack of communication between Kushner and Acciavatti, and in Kushner's lack of attention to the requirements of this court to comply with local registration and electronic filing rules, the fact remains that the court's own possible oversight may have resulted in a situation where the obligation to file any amended complaint within an identified time period was never technically triggered.  In light of that possible oversight, service of this order will commence the 30-day period for filing of an amended complaint.  The court presumes that Plaintiff's current California Counsel has completed the requirements for using the court's electronic filing system and has availed himself of the Court's April 30 Order and any other needed documents.  The April 30 Order will therefore not be vacated and refiled.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1.      Plaintiffs motion for relief pursuant to Rule 60(b) requesting the court to vacate its April 30 Order and permit opposition to iFreedom's motion to dismiss is DENIED.

2.      The court hereby DECLARES that the April 30 Order, docket number 17, is deemed to be served as of the date of service of this order.

3.      Plaintiff shall file and serve any amended complaint not later than thirty (30) days from the date of service of this order.

4.      Plaintiff's motion for relief pursuant to Rule 60(b) to allow late filing of an amended complaint is hereby DENIED as moot.

IT IS SO ORDERED.

**Dated:    January 17, 2008               /s/ Anthony W. Ishii**
                                       UNITED STATES DISTRICT JUDGE