IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT MAHAJAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SANGEETA KUMAR (aka SANGEETA KUMARI), et al.,<br><br>    Defendants. | CV F 06-1728 AWI SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION<br><br>Doc. # 93 |

    This is an action in diversity by plaintiff Amit Mahajan ("Plaintiff"), a New Jersey resident, for damages against defendants Sangeeta Kumar, Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar (collectively "Defendants"), all California residents. On August 10, 2009, the court approved the stipulated dismissal of entity defendant iFreedom Direct Corp. with prejudice. In the instant motion, the remaining individual Defendants move individually for summary judgment as to some or all of Plaintiff's claims for relief. Because the facts are to a large extent individualized with respect to each Defendant's alleged participation in the events giving rise to this action, the court will consider the motions of various of the Defendants for partial summary judgment individually. In the discussion that follows, the court will refer to the individual defendants by their first names in order to avoid confusion. The court intends no disrespect. Diversity jurisdiction continues to exist pursuant to 28 U.S.C. § 1332. Venue is proper in this court.

**GENERAL FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendants' proffered undisputed material facts consist mainly of denials of facts alleged by Plaintiff that correspond to the elements of the claims asserted by Plaintiff. Because there is no generally agreed set of undisputed facts, the court will borrow a summary of the alleged events that gave rise to this action with the understanding these are allegations are, in the main, disputed by the individual Defendants.

As the court summarized in its order of April 30, 2007:

> Plaintiff is a resident of Mercer County, New Jersey. Beginning at a time unknown, Plaintiff began a correspondence with Sangeeta after the latter "reached out" through an internet dating service. After some time, it became known to Plaintiff that Sangeeta was a real estate sales person working with defendant iFreedom (then New Freedom Mortgage Corp.), a mortgage broker. Relying on Sangeeta's representations and statements, Plaintiff formed the intent to purchase a house in California for himself and in his name only. Sangeeta told Plaintiff she would handle the transaction for Plaintiff and, by her representations, induced Plaintiff to send her substantially all of his savings. Plaintiff understood that Sangeeta would move into his house if their romantic interests blossomed.
>
> Plaintiff alleges that Sangeeta received the money Plaintiff sent and she, and/or one or more of the named individual defendants deposited the money in a bank account belonging to Sangeeta and/or the other individual defendants. Plaintiff alleges that Defendants continued to misrepresent to Plaintiff that they intended to use the money Plaintiff sent to buy a house on Plaintiff's behalf and in Plaintiff's name. No such house was ever purchased and the money was never returned. Plaintiff also alleges that in the early part of May of 2005, Sangeeta falsely represented to Plaintiff that she owed money to an attorney and convinced Plaintiff that if he loaned her the money, she would pay Plaintiff back. Relying on Sangeeta's representations, Plaintiff loaned the requested money which has never been paid back. Plaintiff alleges Defendants do not even acknowledge the loan.
>
> Plaintiff alleges that on or about late September of 2005, Defendants ceased all communication with Plaintiff and closed the bank accounts that held the funds Defendants received from Plaintiff. Defendants have not returned any of Plaintiff's money.

Doc. # 17 at 2:16 - 3:14.

Prior motions to dismiss the complaint were filed by entity defendant iFreedom Direct Corp. The court's rulings on these motions resulted in two amendments to the complaint. See Doc.#'s 17 and 54. The currently operative Second Amended Complaint (SAC) was filed on June 9, 2008. The SAC alleges a total of nine claim for relief. With the dismissal of iFreedom Direct, there remain seven claims for relief that pertain to one or more of the

individual Defendants. The SAC alleges claims for relief under California common law against all Defendants for fraud and deceit, conversion, money had and received, tortuous interference with prospective business advantage, intentional infliction of emotional distress, and negligent misrepresentation. In addition, the SAC alleges a claim for relief against Sangeeta only for obtaining a credit report under false pretenses in violation of 15 U.S.C. § 1681.

Defendants' instant motion for partial summary judgment was filed on June 30, 2009. Plaintiff filed his opposition on July 23, 2009, and Defendants filed their reply on August 3, 2009. The court took the matter under submission as of August 10, 2009.

Rather than set forth Defendants' proffered undisputed material facts separately, the court will list those of Plaintiff's alleged facts Defendants deny or dispute in the relevant portions of the discussion that follows.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although the party moving for summary judgment always has the initial responsibility of informing the court of the basis for its motion, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial." Cecala v. Newman, 532 F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007). A party that does not have the ultimate burden of persuasion at trial – usually but not always the defendant – "has

both the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587

(quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**DISCUSSION**

**I. Plaintiff's First Claim for Relief – Fraud and Deceit**

***A. Motion to Dismiss as to Sangeeta***

Defendants do not move for summary judgment on Plaintiff' first claim for relief as to Sangeeta.

***B. Motion to Dismiss as to Rajnesh, Rajendra and Vijima***

"To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff."  Manderville v. PCG & S Group, Inc., 146 Cal.App.4th 1486, 1498 (4th Dist. 2007) (citing CACI 1900 and noting

5

separately that some authorities state the same action using four or five elements).

Defendants' motion for summary judgment as to Rajendra, Vijma and Rajnesh is based on Defendants allegation that, with respect to all three, none of them made any kind of representation to Plaintiff regarding a real estate deal and none were "aware of the nature or details of any dealings between Sangeeta [. . .] and [Plaintiff]." Doc. # 103 at 8-10. Plaintiff concedes that his first claim for relief cannot be maintained against Rajendra and Vijma. Plaintiff argues, however, that summary judgment should be denied as to Rajnesh because there is an issue of material fact as to whether Rajnesh made a representation to Plaintiff and whether Rajnesh was aware of the nature of the dealings between Sangeeta and Plaintiff.

In opposing summary judgment as to Rajnesh, Plaintiff alleges that he:

> told Rajnesh that he was purchasing a home through Sangeeta [. . .], that he was in New Jersey, but that he was in town to give money to Sangeeta [. . .] for the house purchase. [Mahajan Dec. ¶ 11.] Ravinesh was an owner of the Washington Mutual accounts into which Plaintiff deposited $45,000 from a branch in New Jersey. His [sic] omission of facts, that Sangeeta was not a real estate agent, accompanied by his [sic] failure to return money which was obviously coming from Plaintiff, constitutes a fraudulent omission and shows an intent to deceive.

Doc. # 107 at 5: 18 - 23.

The court presumes, for the sake of this discussion, that "Ravinesh" is a typographical error that should read "Rajnesh." The court also presumes for purposes of this discussion that, as Plaintiff contends, deceit can result from a deliberately omitted material truth, as well as the utterance of a deliberate falsity. Even with these presumptions in place, Plaintiff's claim for deceit against Rajnesh fails. The FAC alleges that Sangeeta was, during the time of the events giving rise to this action, "licensed by the State of California as a real estate salesperson." Doc. # 57 at ¶ 12. Plaintiff does not allege he told Rajnesh that Plaintiff was under the impression Sangeeta was a real estate agent, nor is there any basis to conclude that, even if Rajnesh was aware his sister was not a real estate agent, that Plaintiff was acting in reliance of that fact. So far as the court can discern from Plaintiff's factual allegations, what Plaintiff told Rajnesh is consistent with what Rajnesh would reasonably have been expected to know about his sister's activities at iFreedom Direct; that is, that Sangeeta worked for a

6

mortgage broker and that she often had dealings with real estate transactions. Plaintiff provides absolutely no basis for a finding that Rajnesh was aware or should have been aware of any fact or facts that would have been material to Plaintiff's decision to continue or not continue his dealings with Sangeeta.

Because Plaintiff does not allege facts from which a trier of fact could conclude that Rajnesh was aware when he failed to tell Plaintiff that his sister was not a real estate agent, that he would be inducing Plaintiff to rely on that fact, Plaintiff's fraud claim against Rajnesh cannot be maintained. The court will grant summary judgment as to Plaintiff's claim for fraud against Rajnesh, Rajendra and Vijma.

## II. Plaintiff's Second Claim for Relief – Conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial." Burlesci v. Petersen, 68 Cal.App.4th 1062, 1065 (1998) (citing Moore v. Regents of University of California, 51 Cal.3d 120, 144 (1990)). "The general rule is that "[t]he foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are the gist of the action." Id.

The factual basis for Plaintiff's claim of conversion with respect to Sangeeta, is that Plaintiff deposited a sum of money into a bank account controlled by Sangeeta at Sangeeta's direction and the money was not returned to Plaintiff when Plaintiff found that Sangeeta' representation that she was going arrange the purchase of a home for Plaintiff was false. The factual basis for Plaintiff's claims against Rajnesh, Rajendra and Vijma is that these three co-

controlled one or two additional bank accounts into which Plaintiff deposited $45,000 at Sangeeta's request and did not return the money when Plaintiff requested.

Defendants' motion for summary adjudication as to Plaintiff's conversion claim consists of a set of four negative allegations. Specifically, Defendants allege with respect to Rajendra, Rajnesh, and Vijima that none of the three (1) took any money from Plaintiff, (2) did anything to keep Plaintiff from his money, (3) destroyed Plainiff's money, and (4) did not spend any of Plaintiff's money. With respect to Sangeeta, what Defendants appear to argue is simply that Sangeeta did not take Plaintiff's money; rather, Plaintiff voluntarily gave the money to Sangeeta. See Doc. # 95 at ¶ C.

Defendants' allegations misconstrue the tort of conversion. In the context of the facts alleged in this case, conversion occurred not when Plaintiff deposited the money in Defendants' bank accounts, it occurred when the Defendants who had control of the funds in the accounts refused to return the money to Plaintiff when requested. The appropriate way of framing the tort in this case is that the conversion occurred when Plaintiff approached Sangeeta or any of the Defendants that had control over the money deposited in the accounts, asked for the money to be returned, and was refused. Plaintiff alleges, both in the SAC and in the his opposition to Defendants' motion for summary judgment, that the money he deposited in the accounts has never been returned despite his requests. Because the money has never been returned, the tort of conversion is ongoing and Plaintiff has suffered damage. Defendants' allegations that they did not take Plaintiff's money or keep Plaintiff from his money are directly contradicted by Plaintiff's allegations that the money has never been returned to him. Defendants' allegations that they did not spend or destroy Plaintiff's money are irrelevant.

The court finds Defendants have failed to proffer evidence sufficient to negative any element of Plaintiff's claim for relief for the tort of conversion as to any of the Defendants. Defendants' motion for summary judgment as to Plaintiff's second claim for relief will therefore be denied as to all Defendants.

**III. Plaintiff's Third Claim for Relief – Money Had And Received**

Plaintiff's third claim for relief for money had and received is alleged against all Defendants. Defendants move for summary judgment on this count as to defendants Rajnesh, Rajendra and Vijma only. "The essential element of an action for money had and received is the allegation that the defendant had and received the money to and for the use and benefit of a plaintiff. From the complaint it must appear that the money held by defendant is the property of plaintiff and that defendant is obliged in equity and good conscience to restore it to him." Macbeth v. West Coast Packing Corp., 83 Cal.App.2d 96, 98 (2nd Dist. 1947). Defendants contend that summary judgment is appropriate as to Rajnesh, Rajendra and Vijma because the complaint fails to allege either an express promise by Defendants "to pay [Plaintiff] or alleges facts from which such a promise is implied by law." Doc. # 95 at ¶ D (citing Vaughn v. Certified Life Ins. Co., 238 Cal.App.2d 177, 180 (1965)).

Defendants' factual grounds for summary judgment on Plaintiff's money had and received count is exactly the same as the grounds for their motion for summary judgment as to Plaintiff's conversion claim. That is, Defendants allege none of the three Defendants took Plaintiff's money, kept Plaintiff from his money, destroyed or spent Plaintiff's money. As with Plaintiff's conversion claims, his claims for money had and received are based on the allegation that Plaintiff was asked by Sangeeta to deposit money into an account or accounts that were apparently co-controlled by Rajnesh, Rajendra and Vijma and that Rajnesh, at least, was told by Plaintiff that the money was being deposited at Sangeeta's request and that the purpose of the deposit was to buy property.

As was the case with Plaintiff's conversion claims against Rajnesh, Rajendra and Vijma, Defendants have failed to proffer evidence that would tend to negate any element of Plaintiff's claim for money had and received. That Defendants did not take, destroy or spend Plaintiff's money is not relevant to the money had and received claim. To the extent Defendants' allegation that none of them "kept Plaintiff from his money" is intended to convey the idea that Plaintiff would have been given the money back had he only asked, that claim is directly disputed by Plaintiff's allegation that none of the money that was deposited

has been returned despite Plaintiff's requests for the return of the money. Plaintiff's allegation that he deposited money in an account co-controlled by Rajnesh and told Rahnesh what the money was for and that it was being deposited there at Sangeeta's request, coupled with the absence of any allegation that the defendants objected to the deposit satisfies the pleading requirement that the claim reflect an express or implied promise to use the money deposited for Plaintiff's benefit or to return it to him upon request. Since there is an issue of material fact as to whether the money was either returned or used to Plaintiff's benefit, summary judgment is not appropriate with respect to Rajnesh, Rajendra and Vijma as to Plaintiff's claim for money had and received.

**IV. Plaintiff's Fourth Claim for Relief – Tortuous Interference with Prospective Business Advantage**

Defendants seek summary judgment as to Plaintiff's claim for Tortuous Interference as to all Defendants. The California Supreme Court "first articulated the elements of the tort of intentional interference with prospective economic advantage in Buckaloo v. Johnson, 14 Cal.3d 815, 827(1975)." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003).

> These elements are usually stated as follows: "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendants's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.' [Citations.]"

Id. (quoting Westside Ctr. Associates v. Safeway Stores 23, Inc., 42 Cal.App.4th 507, 521-522 (1996). In Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.4th 376 (1995) the list of elements set forth in Buckaloo was modified to the extent that it is understood "that a plaintiff must plead that the defendant engaged in an act that is wrongful apart from the interference itself." Korea Supply Co. 29 Cal.4 at 1153-1154.

Plaintiff opposes Defendants motion for summary judgment on the ground Defendants actions deprived him of the opportunities for tax advantage and asset appreciation that accrue with home ownership. Notwithstanding the fact that Plaintiff adequately pleads

that Defendants' actions caused harm, Plaintiff's claim for intentional interference with prospective economic advantage must fail because there is no third party with whom Plaintiff had a economic relationship.  Even assuming that there is some sense in which the wrongs alleged by Plaintiff against Defendants were ongoing, Plaintiff alleges no facts from which the court could find that there was any agreement or relationship with any identified third party that actually existed at any time relevant to this action.  Plaintiff provides no support for the proposition that it is sufficient to plead that Plaintiff was economically harmed and that there was interference with Plaintiff's prospective economic advantage based on a relationship that could have existed had there been no wrongdoing on Defendants' part.  The court doubts that any such authority exists because to so hold would automatically transmute any claim for conversion or fraud into a claim for intentional interference.

 The court concludes Plaintiff has failed to allege any issue of material fact exists with respect to his claim against all plaintiffs for intentional interference with prospective economic advantage.  Defendants motion for summary judgment will therefore be granted as to Plaintiff's fourth claim for relief as to all Defendants.

**V. Plaintiff's Fifth Claim for Relief – Intentional Infliction of Emotional Distress**

 The SAC alleges intentional infliction of emotional distress against all Defendants.  Generally, exemplary damages or damages for emotional distress are not available where the action is based on contract theory, but such damages may be available under tort theory where the Plaintiff is able to show malice or intent to oppress.  Acadia California, Ltd. v. Herbert, 54 Cal.2d 328, 337 (1960).  Where, as here, an action sounds in both tort and contract, the Plaintiff must choose to proceed on one theory or the other but may not recover on both theories for the violation of the same right or rights.  Glesenkamp v. Nationwide Mut. Ins. Co., 344 F.Supp. 517, 518 (N.D. Cal. 1972).  In the instant action, Plaintiff has chosen to seek recovery on tort theory and has asserted no contract claims.  Thus, to the extent Defendants' have argued for summary judgment as to Plaintiff's emotional distress claim on the ground that damages for emotional distress are not generally recoverable in an action for breach of contract, that argument is without merit.

Even though a plaintiff may generally recover on a claim of intentional inflection of emotional distress where the plaintiff's claims sound in tort, California statutory and case law imposes substantial limits on the ability to recover damages for mental injury in certain types of tort cases. In the case at bar, the predominant theme that runs through the SAC is fraud. Section 3343 of the California Civil Code sets forth the types of losses that are recoverable for an action for fraud. Generally, California courts restrict recovery in fraud-related cases to "out of pocket losses." O'Neill v. Spillane, 45 Cal.App.3d 147, 159 (1st Dist. 1975). While section 3343 does not expressly prohibit recovery for emotional damages in cases involving fraud, "mental distress is not an element of damages for fraud under that section." Id. California cases that have permitted recovery for mental damages in fraud-based cases appear to constitute exceptions to the general rule prohibiting recovery for emotional distress. Greitzer v. United States Nat'l Bank, 326 F.Supp. 762, 764-765 (S.D. Cal. 1971).

Of the three classes of exceptions mentioned in Greitzer, two are potentially of interest in this case. The first class of exceptions to the general rule of no recovery for mental damages actions for fraud involves factual situations where "an independent action exists for outrageous conduct which constitutes invasion of mental tranquility." Id. at 756; see also Sierra Nat'l Bank v. Brown, 18 Cal App.3d 98, 103 (1st Dist. 1971) (where an action for punitive damages may be allowed the elements of the claim must be set forth in the complaint). The second class of exceptions to the rule mentioned in Greitzer and possibly relevant here are those cases exemplified by Crisci v. Sec. Ins. Co. Of New Haven, Connecticut, 66 Cal.2d 425 (1967). In Crisci, the court allowed recovery for mental suffering against an insurance company where the company's refusal to settle was unreasonable and thwarted the very purpose (peace of mind) behind the purchase of the insurance policy. The factual context in Crisci involved an implied covenant of good faith and fair dealing that was not aimed at the commercial advantage of the policy holder but was for the peace of mind and security of the policy holder. Other courts have been reluctant to extend the holding in Crisci much beyond its factual context. Greitzer, 326 F.Supp. at 765-766.

Such authority as the court has been able to find and review concerning the

willingness of California courts to allow recovery in fraud cases for mental damages suggests strongly that no such recovery will be allowed unless something in the facts of the case take the defendants' actions outside the realm of garden variety fraud. *Compare* Sierra Nat'l Bank, 18 Cal.App.3d 98 (properly alleged claim for emotional distress allowable where bank fraudulently altered loan documents and harassed and intimidated elderly and infirm borrowers), *with* O'Neill, 45 Cal.App.3d 147 (no recovery for mental distress where jury finds undue influence invalidated conveyance but there was no actual malice or oppression).

In the case at bar, the court cannot find facts sufficient to move Plaintiff's claims against Defendants out of the realm of ordinary fraud. While Plaintiff alleges he suffered emotional injury even to the point of requiring medical intervention, the court must focus on the level of malice and oppression evident in Defendants' actions. Here there is nothing in the complaint, other than the bare conclusory allegation that Defendants' actions were malicious and outrageous, that would support a finding that Defendant's actions were beyond the bounds of normal fraud or deceit. Plaintiff points to a message he received by telephone from Rajnesh that somewhat ambiguously conveyed a conditional threat, but the court cannot find a basis for intentional infliction of emotional distress in this single message.

Based on all the facts alleged by Plaintiff and construing these facts in Plaintiff's favor, the court cannot find that there exists a material issue of fact as to Plaintiff's entitlement to damages for the intentional infliction of emotional distress as to any Defendant. Summary judgment will therefore be granted in favor of all Defendants as to Plaintiff's fifth claim for relief.

**VI. Plaintiff's Seventh Claim for Relief – Obtaining a Credit Report Under False Pretenses**

The FAC alleges that Sangeeta obtained Plaintiff's credit report under false pretenses in violation of 15 U.S.C. § 1681n. Section 1681q of Title 15 of the United States Code provides criminal sanctions for obtaining a credit report under false pretenses. Subdivision 1681n(a)(1) provides a civil penalty of the greater of actual damages or $1,000.00 "for obtaining a consumer report under false pretenses or knowingly without a permissible

13

purpose . . . ." See Comeaux v. Brown & Wilson Tobacco Co., 915 F.2d 1264, 1273 (9th Cir. 1990) (noting that "[n]oncompliance with § 1681q [. . .] forms a basis of civil liability under § 1681n").

The factual dispute between Plaintiff and Sangeeta is as stark as it is simple; Plaintiff alleges he did not give permission for Sangeeta to obtain a credit report and Sangeeta alleges that permission was given verbally. The remainder of Defendants' arguments with respect to obtaining the credit report appear to be concerned with whether or not there are provable damages, emotional or otherwise, pursuant to section 1681e(b). Since damages are not a necessary element of Plaintiff's claim under section 1681n, the damages portion of Defendants' arguments in support of their motion for summary judgment are irrelevant.

The court finds Defendants have failed to carry their burden to show that no issue of material fact exists as to Plaintiff's claim against Sangeeta for obtaining a credit report under false pretenses. Defendants' motion for summary judgment as to Plaintiff's seventh claim for relief will therefore be denied.

**VII. Plaintiff's Ninth Claim for Relief – Negligent Misrepresentation**

The SAC alleges negligent misrepresentation against all Defendants. Defendants seek summary judgment as to Rajnesh, Rajendra and Vijma only. As is the case with Plaintiff's first claim for relief for fraud, Plaintiff contends that the motion for summary judgment should be denied as to Rajnesh, Sangeeta's brother; but Plaintiff appears to concede that summary judgment is appropriate as to Rajendra and Vijma, Sangeeta's parents. As the court finds Plaintiff has failed to allege any representations were made by Rajendra or Vijma, the court will grant summary judgment as to them without further discussion.

Plaintiff's claim of negligent misrepresentation against Rajnesh is based on the same allegations as were made with respect to Plaintiff's fraud claim against Rajnesh. That is, Plaintiff alleges that he told Rajnesh that Plaintiff was from New Jersey, that he was engaged in a real estate transaction with Sangeeta and that Plaintiff was depositing money in the bank account co-controlled by Rajnesh in furtherance of that real estate transaction. Again, the crux of Plaintiff's claim for negligent misrepresentation is that Rajnesh substantially

14

misrepresented the facts by remaining silent when he knew that his sister, Sangeeta, was not a real estate agent.

Plaintiff's argument fails for the same reason that his opposition to summary judgment in favor of Rajnesh on the claim of fraud fails; Plaintiff has failed to show that he was ever under the impression that Sangeeta was a real estate agent or that this information was material to any decision he might have made with regard to continuing to deal with Sangeeta. Plaintiff has also failed to provide any basis upon which the court could find that Rajnesh was aware of other facts that reasonably could be understood to be material to Plaintiff's decision to continue pursuing the home purchase through Sangeeta.

Plaintiff's allegations in opposition to Defendants' motion for summary judgement are, if anything, contradictory to Plaintiff's implied allegation that Rajnesh knew or should have known that Sangeeta was engaged in wrongful dealings with Plaintiff. In his opposition to Defendants' motion for summary judgment on his claim for intentional infliction of emotional distress, Plaintiff alleges Rajnesh left a voicemail which Plaintiff quotes Rajnesh as saying words to the effect that Rajnesh is very upset because his sister and Plaintiff are telling him different things and Rajnesh wants "to find out what is going on." Doc. # 107 at 7:20-24.

As Plaintiff points out, his claim for negligent misrepresentation represents an alternative pleading for the fraud claim. However, the weak point in Plaintiff's claim against Rajnesh is not whether Rajnesh was deliberate or negligent in misleading Plaintiff, the weak point in Plaintiff's claims is that Plaintiff has failed to make a showing that the alleged omission or omissions, were at all material to any decision Plaintiff made to his detriment. Thus, Plaintiff's claim for negligent misrepresentation as to Rajnesh fails for the same reason as Plaintiff's claim against Rajnesh for fraud.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that:
1. Defendants' motion for summary judgment as to Plaintiff's first claim for fraud is GRANTED as to defendants Rajnesh Kumar, Rajendra Kumar and Vijma Kumar

only.

2. Defentants' motion for summary judgment as to Plaintiff's second claim for relief for conversion is DENIED as to all Defendants.

3. Defendants' motion for summary judgment as to Plaintiff's third claim for relief for money had and received is DENIED as to all Defendants.

4. Defendant's motion for summary judgment as to Plaintiff's fourth claim for relief for intentional interference with prospective economic advantage is hereby GRANTED as to all Defendants.

5. Defendants' motion for summary judgment as to Plaintiff's fifth claim for relief for intentional infliction of emotional distress is hereby GRANTED as to all Defendants.

6. Defendants' motion for summary judgment as to Plaintiff's seventh claim for relief against Sanjeeta Kumar for obtaining a credit report under false pretenses is DENIED.

7. Defendants' motion for summary judgment as to Plaintiff's ninth claim for relief for negligent misrepresentation is hereby GRANTED as to Rajnesh Kumar, Rajendra Kumar and Vijma Kumar only.

IT IS SO ORDERED.

Dated:   September 18, 2009            /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE