# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT MAHAJAN, | CASE NO. 1:06-cv-01728-AWI-SMS |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO FILE COUNTERCLAIM |
| SANGEETA KUMAR, et al., | |
| Defendants. | (Doc. 84) |

Defendants Sangeeta Kumar, Rajendra Kumar, Rajhesh Kumar, and Vijma Kumar moved, pursuant to F.R.Civ.P. 13(e) and 15(d), for leave to file a counterclaim against Plaintiff Amit Mahajan. This court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, this Court denies Defendants' motion.

## I.   Background

In this action, transferred to this District from the District of New Jersey on November 30, 2006, Plaintiff alleges that, at the direction of Defendant Sangeeta Kumar, whom he believed to be a real estate agent, Plaintiff transferred approximately $130,000.00 to several bank accounts held by Sangeeta and her family members (Defendants. Sangeeta represented to Plaintiff that she would apply the funds as deposits toward Plaintiff's purchase of a California house. When Plaintiff became aware that Sangeeta had not made the deposits on his behalf, he requested that the money be returned to him. Although Sangeeta agreed to return the funds, she never did so.

///

The Defendants contend that Plaintiff transferred the funds to Sangeeta, whom he had met on an Indian matchmaking computer site, as gifts in consideration of their agreement to marry. Defendants maintain that they are not required to return gifts.

The parties do not dispute that the bank accounts into which Plaintiff transferred the money at Sangeeta's direction are owned by all four Defendants. Neither Sangeeta nor any of the other Defendants returned any funds in response to Plaintiff's requests.

**II.      Defendants' Motion for Leave to File a Counter-Claim**

On June 23, 2009, Defendants brought this motion for leave to file a counter-claim against Plaintiff alleging the tort of intrusion on privacy. Their claims arise from Plaintiff's revealing, in his June 3, 2009, deposition, that, while making a deposit to Defendants' bank account in April 2005, he saw the bank teller's computer screen and was able to identify the names and personal information of the Defendants as the account's co-owners. Plaintiff testified that he used this information in deciding to sue all four defendants as co-owners of the account. Defendants allege that Plaintiff's actions constitute a violation of the common law tort of intrusion on privacy.

Plaintiff responds that Defendants' motion is frivolous and untimely. Pointing out that he first alleged that all Defendants were owners of one or more of the bank accounts into which he deposited sums for the house purchase in his 2006 complaint (Doc. 1-2, pp. 118, 119, 122) and that he identified the Defendants as co-owners of the bank accounts into which he deposited money in paragraphs 15 and 16 of his August 7, 2006, declaration (Doc. 1), Plaintiff argues that the applicable two-year limitation period for privacy actions is long past. Cal. Code Civ. Proc. § 335.1. He notes further that Sangeeta herself disclosed the ownership of the accounts, pointing to an e-mail appended to his August 7, 2006, declaration in which Sangeeta transmitted the account number of her father, Defendant Rajendra Kumar, into which Plaintiff was to deposit $2000.00 (Doc. 1, p. 53). Plaintiff adds that Defendants' delay in addressing his obvious awareness of the bank accounts' ownership is prejudicial, having derailed the trial scheduled for August 2009 and posing the likelihood of further significant delays in case that is already nearly four years old.

Even if Defendants could file a timely action for intrusion of privacy, Plaintiff argues, their proposed counter-claim is not cognizable. Plaintiff points out that confirming the identity of the owners of the account into which he deposited funds was unlike the types of invasions generally found to constitute intrusion on privacy.

### III.     Legal Standard

"The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by a party after serving an earlier pleading." F.R.Civ.P. 13(e). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In evaluating a proposed amendment to the pleadings, the court should apply the same test of sufficiency employed when evaluating a challenge pursuant to F.R.Civ.P. 12(b)(6). *Id.* "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

### IV.     Intrusion on Privacy

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B. The tort of intrusion "encompasses unconsented-to physical intrusion into the home, hospital room or other place of which privacy is legally recognized, as well as unwarranted sensory intrusions such as eavesdropping, wiretapping, and visual or photographic spying." *Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 230-31 (1998). An action for intrusion arises from (1) an intrusion into a private place, conversation or matter (2) in a manner highly offensive to a reasonable person. *Id.* at 231. A plaintiff may establish intrusion if he or she "had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Id.*

To establish the first element, "the defendant must have 'penetrated some zone of physical or sensory privacy . . . or obtained unwanted access to data' by electronic or other covert means, in violation of the law or social norms." *Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272,

3

285 (2009)(citations omitted). The California Supreme Court recognizes three factors relevant in evaluating this factor. *Id.* at 287. First, the plaintiff must possess a legally protected privacy interest, including an interest in conducting personal activities without observation, intrusion or interference. *Id.* Second, the expectation of privacy must be objectively reasonable, based on consideration of customs, practices and physical surroundings and considering any opportunity to receive prior notice and to consent. *Id.* Finally, the plaintiff must establish that the nature, scope, and actual or potential impact are sufficiently serious to constitute an egregious breach of societal norms, that is, "highly offensive to a reasonable person." *Id.* at 287, 295.

The second element requires a policy analysis to determine whether the "alleged intrusion is 'highly offensive' under the particular circumstances." *Id.* at 287. "California tort law provides no bright line on [offensiveness]; each case must be taken on its own facts." *Shulman*, 18 Cal.4th at 237. In evaluating this element, a court must carefully examine all the circumstances including the degree and setting of the intrusion and the intruder's motives and objectives. *Hernandez*, 47 Cal.4th at 295 (citations and internal quotation marks omitted).

The degree and setting of the intrusion encompasses the time, place and scope of the intrusion. *Id. at 296.* In evaluating motives and objectives, the court should consider whether the intruder acted for socially repugnant or unprotected reasons, or acted with a reasonable justification or beneficial motive. *Id.* at 297. Whether a less intrusive means existed for accomplishing the intruder's objective is immaterial. *Id.* at 299-300.

Sangeeta directed Plaintiff to deposit funds into her joint accounts with the various family members who are also named as defendants in this action, voluntarily disclosing the account numbers to enable plaintiff to make the deposits, and, in at least one instance, identifying her father as an owner or co-owner of the bank account into which a deposit was to be made. As a result, Defendants cannot reasonably be said to have maintained a zone of privacy regarding the bank accounts or their ownership. Having been directed to a specific bank to make a deposit into a specific account at Sangeeta's direction, Plaintiff could legitimately have asked the bank teller to confirm the ownership of the accounts into which he was depositing money in order to be certain that he had used the correct account number and that his funds were being deposited as

intended.  That Plaintiff admittedly positioned himself to confirm the accounts' ownership by checking the display of the teller's computer is not a relevant distinction.  Finally, in the context of the parties' relationship, no reasonable person would find Plaintiff's actions objectionable.

Even if the circumstances of the parties' transaction could somehow be construed as an overstep into Defendants' privacy, Plaintiff's confirming ownership of the accounts was not tortuous.  "[T]he reality [is] that '[n]o community could function if every intrusion into the realm of private action' gave rise to a viable claim." *Hernandez*, 47 Cal. 4th at 295, quoting *Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994).  "No cause of action will lie for accidental, misguided, or excusable acts of overstepping upon legitimate privacy rights." *Hernandez*, 47 Cal.4th at 295.

> [T[he right to be secure from intrusion is not absolute, but instead is subject to an important limitation.  The unintended or mistaken foray into the territory of another does not give rise to liability, nor would damages be awarded for minor incidents of overstepping, which abound in a crowded world.
>
> While what is "highly offensive to a reasonable person" suggests a standard upon which a jury would properly be instructed, there is a preliminary determination of "offensiveness" which must be made by the court in discerning the existence of a cause of action for intrusion.

*Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463, 1482-83 (1986).

Because Plaintiff's actions do not support a cognizable claim for the tort of intrusion on Defendants' privacy, this Court need not reach any remaining issue.  Defendants' motion for leave to file a counterclaim is DENIED.

IT IS SO ORDERED.

**Dated:   February 5, 2010**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE