**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMIT MAHAJAN,** | 1: 06-CV-1728 AWI SMS |
| Plaintiff, | **ORDER VACATING DECEMBER 16, 2011 HEARING AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE** |
| v. | |
| **SANGEETA KUMAR, et al.,** | |
| Defendants. | |

      On March 28, 2011, the court issued a New Scheduling Conference Order.   This order set the Final Pretrial Conference for December 16, 2011 and the trial in this action for February 7, 2012.

      Regarding Pretrial Statements,  Local Rule 281 provides in part:

> **(a) Time for Filing.** As required by the pretrial (scheduling) order in the action, counsel shall file either separate pretrial statements or a joint pretrial statement as follows: action, counsel shall file either separate pretrial statements or a joint pretrial statement as follows:
>       **(1) Separate Statements.** Not less than fourteen (14) days before the date set by the Court for the holding of the final pretrial conference, counsel for the plaintiff shall serve and file a pretrial statement in the form prescribed herein. Not less than seven (7) days before the date set for the holding of the pretrial conference, counsel for all other parties shall serve on all parties and file pretrial statements that may adopt by reference any or all of the matters set forth in the plaintiff's pretrial statement.
>       **(2) Joint Statements.** Not less than seven (7) days before the date set by the Court for the holding of the final pretrial conference, or such other time as the Court may order, counsel for all parties shall file a joint pretrial statement in the form prescribed herein or in such other form as the Court may prescribe.

1        Neither a Separate Pretrial Statement nor a Joint Pretrial Statement have been filed in this action. In fact, no party has contacted the court since March 28, 2011.

       A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

       Given the failure of the parties to file pre-trial statements and the lack of communication from any party since March 2011, the Court has serious concerns over the prosecution of this matter. Further, without a pre-trial statement, there can be no practicable pre-trial conference, and without a pre-trial conference, this case stalls. Therefore, the Court will vacate the pre-trial conference and order the parties to show cause in writing why the case should not be dismissed due to the failure to follow the local rules and an apparent failure to prosecute.

       Accordingly, the court ORDERS that:

1. The December 16, 2011 hearing is VACATED; and
2. Within ten (10) days of this order's date of service, Plaintiff shall file a written document that SHOWS CAUSE why this action should not be dismissed for Plaintiff's failure to prosecute and the failure to follow the local rules.

IT IS SO ORDERED.

Dated:    December 14, 2011               _____
                                                                  CHIEF UNITED STATES DISTRICT JUDGE