1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  AMIT MAHAJAN,                                      CASE NO. 1:06-cv-01728-AWI-SMS

10                        Plaintiff,
                                                      **AMENDED ORDER OF**
11         v.                                         **DEFAULT JUDGMENT**

12  SANGEETA KUMAR, et al.,

13                        Defendants.                 (Docs. 144, 145, 146, 147, and 150)
                                        /

14

15  **I.      Background**

16         In early 2005, Plaintiff, then a resident of New Jersey, met Defendant Sangeeta Kumar[1]

17  through an online matrimonial matching service, www.shaadi.com.  Ms. Kumar, who lived in

18  Modesto, California, represented herself as licensed real estate agent and financial analyst, who

19  worked for a mortgage brokerage.  Early in the relationship, Ms. Kumar "mistakenly" sent Plaintiff

20  her resume as an attachment to an e-mail.

21         Later, as the relationship seemingly developed and Plaintiff began to trust Ms. Kumar, she

22  suggested that he invest in California real estate, representing that she knew the market well and

23  could obtain favorable financing.  Since Plaintiff, who had previously lived and worked in

24  California, hoped to return there, he agreed to purchase a home for himself, to be in his name only

25  and purchased only with his funds.  Ms. Kumar convinced him to purchase the home in both their

26  names.  In the period from March 2005 through September 2005, Plaintiff sent Ms. Kumar multiple

27

28
         _____

         [1]  Ms. Kumar is also known as Sangeeta Kumari, Seema Sangeeta Kumar, and Sangeeta Samy.

1

1  payments for the deposit, financing, and Ms. Kumar's legal expenses, ultimately transferring over

2  $126,000 to her.  Of that amount, $45,000 was deposited directly into Washington Mutual bank

3  accounts of co-defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, who are Ms.

4  Kumar's parents and brother.

5       After the planned purchase did not occur, Plaintiff repeatedly requested the return of the

6  money he had sent Ms. Kumar.  Although she represented that she would refund the money, Ms.

7  Kumar never returned any of Plaintiff's money, nor did Rajendra Kumar, Rajnesh Kumar, and Vijma

8  Kumar ever return the $45,000 deposited into their bank accounts.

9       In or about March 2006, Plaintiff filed suit against Defendants in state superior court in

10 Mercer County, New Jersey.  On May 19, 2006, former Defendant New Freedom Mortgage Corp.

11 removed the case to the U.S. District Court for the District of New Jersey.  On November 22, 2006,

12 the New Jersey District Court transferred the case to the U.S. District Court for the Eastern District

13 of California.  Defendants Rajendra Kumar, Sangeeta Kumar, Rajnesh Kumar, and Vijma Kumar

14 (the "individual defendants") answered on January 30, 2007.

15      On February 19, 2008, Plaintiff amended the complaint.   Following resolution of a motion

16 to dismiss brought by former defendant New Freedom, Plaintiff filed a second amended complaint

17 on June 9, 2008, alleging claims of fraud and deceit, conversion, money had and received, tortuous

18 interference with prospective business advantage, intentional infliction of emotional distress,

19 obtaining a credit report under false pretenses, obtaining a credit report through negligent

20 noncompliance, improper use of a credit report, and negligent misrepresentation.  The individual

21 defendants answered on June 30, 2008.

22      On June 30, 2009, the individual defendants moved for summary judgment.  On September

23 21, 2009, the District Court granted the motion in part and denied it in part, dismissing Plaintiff's

24 claims of fraud and negligent misrepresentation against Defendants Rajendra Kumar, Rajnesh

25 Kumar, and Vijma Kumar, and dismissing the claims of intentional interference with economic

26 advantage and intentional infliction of emotional distress as to all individual defendants.

27 ///

28 ///

2

1    The individual defendants actively participated in the litigation until the withdrawal of their

2    attorney in early 2010.  Plaintiff stipulated to the dismissal of Defendant New Freedom on August

3    7, 2009.

4    Beginning in early 2011, the Court began to attempt to schedule the case for trial.  On

5    December 14, 2011, the District Court vacated the final pretrial conference and ordered Plaintiff to

6    show cause why the action should not be dismissed for failure to prosecute.  After Plaintiff's timely

7    response, the Court scheduled the pretrial conference.  The individual defendants did not appear.

8    Accordingly, the Court ordered the individual defendants to show cause why default should not be

9    entered against them.  The individual defendants did not respond.

10    On February 22, 2012, the Court entered default against Defendants as to damages and

11    directed Plaintiff to move for judgment on default.  Plaintiff filed his motion for judgment on March

12    6, 2012.  Following review of Plaintiff's motion and the record as a whole, on April 18, 2012, the

13    Magistrate Judge requested supplemental briefing explaining the impact of  a Default Judgment

14    Against Sangeeta Samy [fka Sangeeta Kumar] to Complaint by Amit Mahajan to Determine

15    Dischargeability of Debt, filed November 3, 2010, by the U.S. Bankruptcy Court for the Eastern

16    District of California in *Mahajan v. Samy*, Case No. 10-26658, Adversary No. 10-02393 (Doc. 137-

17    1).[2]   The bankruptcy court granted Plaintiff a nondischargeable judgment for principal of

18    $130,000.00 plus costs of $250.00, for a total amount of $130,250.00.

19    **II.    Legal Standard for Default Judgment**

20    Federal Rule of Civil Procedure 55(b)(2) provides:

21    (2) By the Court.  In all other cases the party entitled to judgment by default shall
     apply to the court therefor; but no judgment shall be entered against an infant or
22    incompetent person unless represented in the action by a general guardian,
     committee, conservator, or other such representative who has appeared therein.  If the
23    party against whom judgment by default is sought has appeared in the action, the
     party (or, if appearing by representative, the party's representative) shall be served
24    with written notice of the application for judgment at least 3 days prior to the hearing
     on such application.  If, in order to enable the court to enter judgment or to carry it
25    into effect, it is necessary to take an account or to determine the amount of damages
     or to establish the truth of any averment by evidence or to make an investigation of
26    any other matter, the court may conduct such hearings or order such references as it

27

28    [2]  Neither party having advised the Court of Ms. Kumar's bankruptcy petition, the action had never been
     formally stayed due to the bankruptcy.

3

deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[U]pon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

## III.   Defendant Sangeeta Kumar

On May 4, 2012, Plaintiff filed a supplemental brief, acknowledging that the bankruptcy judgment represented the same claim(s) at issue in the proceeding in this Court. Indicating that he had no intent to "double dip," Plaintiff requested that this Court nonetheless enter a second judgment against Sangeeta Kumar aka Sangeeta Samy, but stay the judgment "until such time as defendant Sangeeta Kumar successfully reopens her bankruptcy case and sets aside the default judgment." Doc. 150 at 3. Plaintiff offers no authority for this unusual request, and the Court is unaware of any precedent authorizing such a judgment.

The Default Judgment Against Sangeeta Samy [fka Sangeeta Kumar] to Complaint by Amit Mahajan to Determine Dischargeability of Debt, filed November 3, 2010, by the U.S. Bankruptcy Court for the Eastern District of California in *Mahajan v. Samy*, Case No. 10-26658, Adversary No. 10-02393 (Doc. 137-1), granted Plaintiff a nondischargeable judgment against Defendant Sangeeta Kumar in the principal amount of $130,000.00 plus costs of $250.00, for a total amount of $130,250.00. This Court can order no additional relief against Defendant Sangeeta Kumar.

## IV.   Defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar

Plaintiff has set forth declaratory and documentary evidence that Sangeeta Kumar deposited $45,000.00 of the monies that she fraudulently obtained from Plaintiff in the Washington Mutual bank accounts of defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar. Despite Plaintiff's repeated requests to defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, no portion of these monies were returned to Plaintiff. Ultimately, defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar closed the Washington Mutual accounts and retained the funds. Plaintiff

1  is entitled to judgment against these three Defendants, who are jointly and severally liable for the

2  monies that they unlawfully retained as well as prejudgment interest of ten percent per annum.

3  California Code of Civil Procedure 685.010.  The Court will calculate prejudgment interest from

4  July 1, 2005, since all monies were deposited in the Washington Mutual accounts before that date.

5  **V.     Conclusion and Order**

6  Accordingly, the Court hereby ORDERS JUDGMENT for Plaintiff against defendants

7  Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, who are joint and severally liable for the

8  principal amount of $45,000.00, plus prejudgment interest from July 1, 2005 to the date of judgment,

9  calculated at the legal rate of ten per cent (10%), totaling $31,278.08, for a total judgment of

10  $76,278.08.  The Clerk of Court is directed to enter judgment for Plaintiff and to close this case.

11

12  IT IS SO ORDERED.

13

Dated:   August 22, 2012

14                                                          CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28