# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT MAHAJAN, | CASE NO. 1:06-cv-01728-AWI-SMS |
| Plaintiff, | |
| v. | **AMENDED ORDER OF DEFAULT JUDGMENT** |
| SANGEETA KUMAR, et al., | |
| Defendants. | (Docs. 144, 145, 146, 147, and 150) |

## I. Background

In early 2005, Plaintiff, then a resident of New Jersey, met Defendant Sangeeta Kumar[1] through an online matrimonial matching service, www.shaadi.com. Ms. Kumar, who lived in Modesto, California, represented herself as licensed real estate agent and financial analyst, who worked for a mortgage brokerage. Early in the relationship, Ms. Kumar "mistakenly" sent Plaintiff her resume as an attachment to an e-mail.

Later, as the relationship seemingly developed and Plaintiff began to trust Ms. Kumar, she suggested that he invest in California real estate, representing that she knew the market well and could obtain favorable financing. Since Plaintiff, who had previously lived and worked in California, hoped to return there, he agreed to purchase a home for himself, to be in his name only and purchased only with his funds. Ms. Kumar convinced him to purchase the home in both their names. In the period from March 2005 through September 2005, Plaintiff sent Ms. Kumar multiple

---

[1] Ms. Kumar is also known as Sangeeta Kumari, Seema Sangeeta Kumar, and Sangeeta Samy.

1  payments for the deposit, financing, and Ms. Kumar's legal expenses, ultimately transferring over
2  $126,000 to her.  Of that amount, $45,000 was deposited directly into Washington Mutual bank
3  accounts of co-defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, who are Ms.
4  Kumar's parents and brother.

5  After the planned purchase did not occur, Plaintiff repeatedly requested the return of the
6  money he had sent Ms. Kumar.  Although she represented that she would refund the money, Ms.
7  Kumar never returned any of Plaintiff's money, nor did Rajendra Kumar, Rajnesh Kumar, and Vijma
8  Kumar ever return the $45,000 deposited into their bank accounts.

9  In or about March 2006, Plaintiff filed suit against Defendants in state superior court in
10 Mercer County, New Jersey.  On May 19, 2006, former Defendant New Freedom Mortgage Corp.
11 removed the case to the U.S. District Court for the District of New Jersey.  On November 22, 2006,
12 the New Jersey District Court transferred the case to the U.S. District Court for the Eastern District
13 of California.  Defendants Rajendra Kumar, Sangeeta Kumar, Rajnesh Kumar, and Vijma Kumar
14 (the "individual defendants") answered on January 30, 2007.

15 On February 19, 2008, Plaintiff amended the complaint.  Following resolution of a motion
16 to dismiss brought by former defendant New Freedom, Plaintiff filed a second amended complaint
17 on June 9, 2008, alleging claims of fraud and deceit, conversion, money had and received, tortuous
18 interference with prospective business advantage, intentional infliction of emotional distress,
19 obtaining a credit report under false pretenses, obtaining a credit report through negligent
20 noncompliance, improper use of a credit report, and negligent misrepresentation.  The individual
21 defendants answered on June 30, 2008.

22 On June 30, 2009, the individual defendants moved for summary judgment.  On September
23 21, 2009, the District Court granted the motion in part and denied it in part, dismissing Plaintiff's
24 claims of fraud and negligent misrepresentation against Defendants Rajendra Kumar, Rajnesh
25 Kumar, and Vijma Kumar, and dismissing the claims of intentional interference with economic
26 advantage and intentional infliction of emotional distress as to all individual defendants.

27 ///
28 ///

The individual defendants actively participated in the litigation until the withdrawal of their attorney in early 2010. Plaintiff stipulated to the dismissal of Defendant New Freedom on August 7, 2009.

Beginning in early 2011, the Court began to attempt to schedule the case for trial. On December 14, 2011, the District Court vacated the final pretrial conference and ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute. After Plaintiff's timely response, the Court scheduled the pretrial conference. The individual defendants did not appear. Accordingly, the Court ordered the individual defendants to show cause why default should not be entered against them. The individual defendants did not respond.

On February 22, 2012, the Court entered default against Defendants as to damages and directed Plaintiff to move for judgment on default. Plaintiff filed his motion for judgment on March 6, 2012. Following review of Plaintiff's motion and the record as a whole, on April 18, 2012, the Magistrate Judge requested supplemental briefing explaining the impact of a Default Judgment Against Sangeeta Samy [fka Sangeeta Kumar] to Complaint by Amit Mahajan to Determine Dischargeability of Debt, filed November 3, 2010, by the U.S. Bankruptcy Court for the Eastern District of California in *Mahajan v. Samy*, Case No. 10-26658, Adversary No. 10-02393 (Doc. 137-1).[2] The bankruptcy court granted Plaintiff a nondischargeable judgment for principal of $130,000.00 plus costs of $250.00, for a total amount of $130,250.00.

## II.    Legal Standard for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it

---

[2] Neither party having advised the Court of Ms. Kumar's bankruptcy petition, the action had never been formally stayed due to the bankruptcy.

3

deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[U]pon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

### III.     Defendant Sangeeta Kumar

On May 4, 2012, Plaintiff filed a supplemental brief, acknowledging that the bankruptcy judgment represented the same claim(s) at issue in the proceeding in this Court. Indicating that he had no intent to "double dip," Plaintiff requested that this Court nonetheless enter a second judgment against Sangeeta Kumar aka Sangeeta Samy, but stay the judgment "until such time as defendant Sangeeta Kumar successfully reopens her bankruptcy case and sets aside the default judgment." Doc. 150 at 3. Plaintiff offers no authority for this unusual request, and the Court is unaware of any precedent authorizing such a judgment.

The Default Judgment Against Sangeeta Samy [fka Sangeeta Kumar] to Complaint by Amit Mahajan to Determine Dischargeability of Debt, filed November 3, 2010, by the U.S. Bankruptcy Court for the Eastern District of California in *Mahajan v. Samy*, Case No. 10-26658, Adversary No. 10-02393 (Doc. 137-1), granted Plaintiff a nondischargeable judgment against Defendant Sangeeta Kumar in the principal amount of $130,000.00 plus costs of $250.00, for a total amount of $130,250.00. This Court can order no additional relief against Defendant Sangeeta Kumar.

### IV.     Defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar

Plaintiff has set forth declaratory and documentary evidence that Sangeeta Kumar deposited $45,000.00 of the monies that she fraudulently obtained from Plaintiff in the Washington Mutual bank accounts of defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar. Despite Plaintiff's repeated requests to defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, no portion of these monies were returned to Plaintiff. Ultimately, defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar closed the Washington Mutual accounts and retained the funds. Plaintiff

is entitled to judgment against these three Defendants, who are jointly and severally liable for the monies that they unlawfully retained as well as prejudgment interest of ten percent per annum. California Code of Civil Procedure 685.010.  The Court will calculate prejudgment interest from July 1, 2005, since all monies were deposited in the Washington Mutual accounts before that date.

**V.     Conclusion and Order**

Accordingly, the Court hereby ORDERS JUDGMENT for Plaintiff against defendants Rajendra Kumar, Rajnesh Kumar, and Vijma Kumar, who are joint and severally liable for the principal amount of $45,000.00, plus prejudgment interest from July 1, 2005 to the date of judgment, calculated at the legal rate of ten per cent (10%), totaling $31,278.08, for a total judgment of $76,278.08.  The Clerk of Court is directed to enter judgment for Plaintiff and to close this case.

IT IS SO ORDERED.

Dated:   August 22, 2012

CHIEF UNITED STATES DISTRICT JUDGE